## Patterson, &c. *vs* Chalmers.

### APPEAL FROM THE McCRACKEN CIRCUIT.

*Steam boats. Merger. Partners and partnership.*

JUDGE SIMPSON delivered the opinion of the Court.

ASSUMPSIT.

*Case* 147.

September 29.

The declaration being in the name of one as surviving partner, necessarily implies the death of the other partner.

THIS is an action of debt, brought in the name of John G. Chalmers, as surviving partner of the late firm of Lawrence & Chalmers, against the plaintiffs in error. The declaration contains no express allegation of the death of Lawrence, and for this reason, it is contended, that it is defective. We are, however, of a different opinion. The plaintiff having stated in the commencement of the declaration, that he sues as surviving partner, the implication of the death of the other partner necessarily arises; and although if the declaration had contained an express averment to that effect, it would have been more technically correct, yet the omission is supplied by the inference unavoidably resulting from the character of surviving partner, assumed by the plaintiff.

PATTERSON, &c.
*vs*
CHALMERS.

Debt on a writing and debt on. simple contract, may be joined in. the same declaration: (1 *Chitty*, 229.).

The first count in the plaintiff's declaration, having been founded on a written obligation, and other counts on simple contract, afterwards added by way of amendment, they are objected to on the ground that it is an improper joinder of different forms, as well as different causes of action. The counts in the amended declaration, however, are not, as supposed, counts in assumpsit, but in debt on simple contract. They differ from those in assumpsit in not stating any promise, and in concluding in the usual form of a declaration in the action of debt on simple contract. Debt on bond or other specialty, may be joined with debt on simple contract; (1 *Chitty's Pleadings*, 229.) So that there is not, in this case, a misjoinder either in the form or cause of action.

Samuel Patterson, Sen., one of the defendants in the action, filed a plea of *non est factum* to the writing declared on in the first count, and the plea of *nil debit* to the other counts in the plaintiff's declaration.

The writing to which the plea of *non est factum* was filed is as follows :.

"*New Orleans, 24th July*, 1839..
"$2,462.

"One day after date the steamer Sultan and owners, promise to pay Lawrence & Chalmers, or order, two thousand four hundred and sixty two dollars, for value received.                    *Jesse Pell, Master.*"

The following facts were proved on the trial : On the 20th of December, 1837, Jesse Pell, B. W. McIntosh and the firm of D. W. Patterson & Co. agreed to become partners in the boat aforesaid, each having an interest therein of one third. The firm of Patterson & Co. then consisted of D. W. Patterson and Samuel Patterson, Jr. On the 10th day of November, 1838, Samuel Patterson, Jr., for the purpose of paying to his father, Samuel Patterson, Sen., the defendant in this case, a debt which he owed him, sold and transferred to him all his interest in the firm of D. W. Patterson & Co., and his undivided interest in the steam boat Sultan. Samuel Patterson, Sen. afterwards, on the 5th February, 1839, sold to D. W. Patterson all the interest acquired by him by his purchase from Samuel Patterson, Jr., as well in the firm as

in the steam boat Sultan.    During the time that Samuel
Patterson, Sen. was part owner of the Sultan, he gave
directions in relation to the management of the boat and
exercised the usual control of a part owner.    The debt
sued for was created, with the exception of one item,
within the same period.    But the execution of the wri-
ting sued on was after he ceased to have any interest in
the boat.

We deem it unnecessary to determine, whether the
writing sued on should be regarded as a mere evidence
of indebtedness by the part owners of the boat, given by
the master, or as an actual obligation on them to pay the
amount promised.    If it be an obligation on the owners,
it must as it purports, be the obligation of the then, and
not former owners.    And as the defendant, Samuel Pat-
terson, Sen., was not at that time, a part owner, it is not
his obligation; and having relied upon the plea of *non
est factum*, the plaintiff could not maintain his action
against him on the writing.

It does not necessarily ensue, however, admitting it to
be the promissory note of the then owners of the boat,
that it is an extinguishment of the antecedent liability of
this defendant.    It is well settled, that by an execution
of a promissory note, the liability on the simple contract
between the parties, which is of inferior dignity, is merg-
ed.    A joint liability on a simple contract may also be
extinguished, by the acceptance of the obligation of part
only of the joint contractors, in satisfaction of the joint
liability.    But if, as the evidence here tends to prove, the
note was accepted by the obligees, not as the note of the
persons alone who were part owners of the boat at the
time of its execution, but as the joint undertaking of
them and the defendant, Samuel Patterson, Sen., inas-
much as it is, according to its legal effect, the obligation
of the other defendants alone, it was never accepted as a
satisfaction of their joint liability, and unless it had been
so accepted, it would not have the effect of extinguishing
that liability.    And if the other defendants be not alone
liable on the note, which cannot be, unless it be deemed
an extinguishment of the previous joint liability, the rem-
edy for enforcing the demand must be joint on the simple

The exection of
a note merges
the simple con-
tract between
the same parties.
A joint liability
on simple con-
tract may be ex-
tinguished by ac-
cepting the obli-
gation of part on-
ly of the joint
contractors, in
satisfaction of
their joint liabil-
ity; but if it be
not so accepted,
the joint liabili-
ty still remains:
*Doniphan, &c.
vs Gill,* (1 B.
*Monroe,* 199.)

contract, which must be regarded as still subsisting: *Doniphan and Smoot* vs *Gill*, (1 *B. Monroe*, 199.)

The extent, however, of the liability of Samuel Patterson, Sr., depends in some degree upon the question whether he was partner or merely part owner of the steamboat Sultan. If he was partner, the defendant, Pell, who was also a partner, as well as master of the boat, could impose on him a more extensive liability, and bind him further than one part owner can the other part owners, who are considered merely as tenants in common. It is, to be sure, contended that he was not even a part owner. The proof, however, contradicts this assumption, and manifests conclusively the fact of his ownership. The object which he had in view in making the purchase and obtaining the transfer of the interest of Samuel Patterson, Jr., is immaterial. Having become the proprietor of that interest, which was a beneficial one, and having assumed some control over the boat, and the articles in the plaintiff's account having been furnished on his credit, as well as that of the other part owners, there can be no doubt of his liability as part owner. This is however, in our opinion, the full extent of his liability. Were it conceded that a regular partnership existed in the boat, and in its business, at the time the defendant, Patterson, acquired an interest in it, the sale of that interest by one of the partners, operated as a dissolution of the partnership, and it is evident that no partnership was afterwards formed between the defendant, Patterson, and the other part owners, which would have required an agreement to that effect, but that they regarded themselves as part owners merely. The law does not make part owners partners, it requires an agreement among themselves, to create a partnership in the boat: (*Story on Partnership*, 612.) In the absence of such an agreement, the law considers them as tenants in common, each having a distinct, although undivided interest in the whole: (*Abbott on Shipping*, 68.)

One part owner of a steamboat can bind another for necessary repairs and supplies. The master of the boat can bind all the owners to the same extent. But neither master nor part owner has any implied authority to order

Part owners of a
steam boat are
not partners
without a con-
tract of partner-

Insurances to be effected on the part of the owners, and a part owner cannot by doing so, charge the others with any part of the premium : ( *Collyer on Partnership*, 682 ; *Abbott on Shipping*, 76.) Inasmuch, therefore, as nearly one third of the plaintiff's demand is for insurance, there is no evidence in this case which authorized a verdict in his favor for that portion of it.

It is unnecessary to decide upon the objection taken to the judgment, that the contract set out in the plaintiff's declaration imposed a joint liability on the defendants and another individual by the name of —— Disharoon, dec'd., when the evidence does not manifest any liability on the part of Disharoon. This objection only applies to the first count, the other counts in the declaration containing no allusion to Disharoon, but averring and relying on the liability of the defendants alone, and as the case will depend in its future progress, npon the amended declaration exclusively, this objection may not again arise.

The law, as expounded by the Court below in its instructions to the jury, is inconsistent with the principles contained in this opinion.

Wherefore, the judgment is reversed, and cause remanded for a new trial and further proceedings in conformity with this opinion.

*Robertson and Husbands* for appellants ; *Harlan & Craddock* for appellee.

ship: (*Story on Part.* 62.) They are merely tenants in common, each having a joint, but undivided interest:— (*Abbott on Shipping*, 68 ) One part owner may bind the others for repairs and supplies. The master can bind all to the same extent; but neither can procure insurances for the others.